This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37716**

**GILBERT L. BALDONADO and
RAYMOND BALDONADO,**

      Plaintiffs-Appellees,

v.

**ELOY ROMERO; ANTONIO ROMERO,
Deceased; and REDOLFO ROMERO,**

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
John F. Davis, District Judge**

Jay Goodman and Associates Law Firm, PC
Peter L. Bruso
Santa Fe, NM

for Appellees

Fuentes Law Office
Robert R. Fuentes
Rio Rancho, NM

for Appellant Eloy Romero

Sutin, Thayer & Browne, P.C.
Lynn E. Mostoller
Jacqueline K. Kafka
Albuquerque, NM

for Appellant Redolfo Romero

Roybal-Mack & Cordova, P.C.
Antonia Roybal-Mack
Albuquerque, NM

for Appellant Antonio Romero, Deceased

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     This appeal arises out of a contract dispute. Plaintiffs Gilbert Baldonado and Raymond Baldonado sued their uncles, Defendants Eloy Romero, Antonio Romero, and Redolfo Romero after they prevented Plaintiffs from accessing land exchanged in an oral contract.[1] Following a bench trial, the district court entered judgment in favor of Plaintiffs and ordered specific performance. We affirm.

**DISCUSSION**

**{2}**     As a preliminary matter, we note that the district court's findings of fact are binding on appeal. Rule 12-318(A)(3) NMRA states, "A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence *shall be deemed waived* unless the summary of proceedings includes the substance of the evidence bearing on the proposition." (Emphasis added.) We have reviewed the briefing and have found no direct challenges to the district court's findings of fact and no relevant citations to the record demonstrating that the district court's findings were unsupported by substantial evidence. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 17, 146 N.M. 627, 213 P.3d 531 ("[W]e review the district court's findings of fact for substantial evidence."). Accordingly, Defendant Eloy Romero has waived any challenge to the district court's findings of fact, and we adopt those findings on appeal. *See Roybal v. Chavez Concrete & Excavation Contractors, Inc.*, 1985-NMCA-020, ¶ 11, 102 N.M. 428, 696 P.2d 1021 ("Unless findings are directly attacked, they are the facts on appeal.").

**{3}**     We briefly detail the unchallenged findings that inform our decision. In the early 2000s, the parties discussed building a road across a canyon that traversed a portion of Defendants' land. The parties reached an oral agreement for the road construction: Plaintiffs would convey a front-end loader to Defendants and would assist in the construction of the road. In exchange, Defendants would convey two parcels of the land to Plaintiffs. Plaintiffs performed their portion of the agreement by delivering the front-end loader and assisting in the construction of the road. After the road construction was finished, Plaintiffs began storing equipment and constructing improvements on one of the parcels of land identified in their agreement. No deeds for the parcels of land and no bill of sale for the front-end loader were ever prepared or exchanged. Plaintiffs used their parcels for several years until February 2014, when Defendants delivered a no-trespass notice stating that the parcels were "off limits." That notice forms the core of Plaintiffs' breach of contract claim, which they filed in September 2015.

**{4}**     In light of these findings, the district court concluded that there was "clear, cogent and convincing evidence" that the parties entered an enforceable oral contract. The

---

[1]Defendant Antonio Romero passed away while the appeal was pending, and Redolfo Romero did not file a brief in this matter.

court further concluded that by delivering the no-trespass notice, Defendants breached the oral contract by depriving Plaintiffs of their right to quiet enjoyment of the land; based on that conduct, the court concluded Plaintiffs' claims accrued in 2014 and were not time-barred. The district court ruled in favor of Plaintiffs, granted their request for specific performance, ordered the parties to complete a survey of the disputed parcels and prepare and execute appropriate deeds. The parties were ordered to share equally in the survey and deed costs, and Plaintiffs were also ordered to deliver a bill of sale for the front-end loader.

**{5}**    On appeal, Defendant Eloy Romero contends that the parties never entered an enforceable oral contract. Defendant first argues that the oral agreement for the transfer of the parcels of land lacked consideration, thereby voiding the agreement. Defendant further contends that the four-year statute of limitations for oral contract claims, NMSA 1978, § 37-1-4 (1880), barred Plaintiffs' claims. Defendant asserts that Plaintiffs' claims accrued when the road construction was finished in 2006, placing Plaintiffs' 2015 complaint outside the allowable period. Neither argument is persuasive.

**{6}**    We turn first to Defendant's contract argument. "[T]o be legally enforceable, a contract must be factually supported by an offer, an acceptance, consideration, and mutual assent." *Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶ 7, 115 N.M. 665, 857 P.2d 776. "[W]hen the existence of a contract is at issue and the evidence is conflicting or permits more than one inference, it is for the finder of fact to determine whether the contract did in fact exist." *Talbott v. Roswell Hosp. Corp.*, 2008-NMCA-114, ¶ 21, 144 N.M. 753, 192 P.3d 267 (internal quotation marks and citation omitted). We review de novo a district court's application of the law to the facts. *Skeen*, 2009-NMCA-080, ¶ 17.

**{7}**    Applying the district court's findings, we see no error in the conclusion that the parties entered a valid and enforceable contract. The district court found that the parties entered an oral agreement requiring Plaintiffs to convey a front-end loader to Defendants and to assist in constructing the road in exchange for two parcels of land. The district court further found that Plaintiffs tendered their consideration to Defendants, namely the front-end loader and their construction assistance. Having found the necessary elements for contract formation, the district court properly concluded that the parties entered an enforceable contract.[2] Because we agree with the district court's conclusions, and because Defendant has waived any challenge to the district court's findings of fact, we reject Defendant's first claim of error.

**{8}**    A similar rationale applies to Defendant's statute of limitations argument. Defendant asserts that Plaintiffs' claims accrued when the road construction was

---

[2]To the extent Defendant argues that Plaintiffs did not perform under the contract because they never delivered a bill of sale for the front-end loader, the district court rejected Defendant's contention that the conveyance of the bill of sale was a material term of the contract and found that the parties substantially performed their obligations under the agreement, rendering it inequitable to deny enforcement of the contract. Defendant fails to adequately challenge this determination on appeal.

finished in 2006. The district court disagreed, concluding that Plaintiffs' contract claims accrued in February 2014 when Defendants breached the agreement.

**{9}** When analyzing a statute of limitations issue, we review a district court's application of the relevant statute to undisputed facts de novo. *LSF9 Master Participation Tr. v. Sanchez,* 2019-NMCA-055, ¶ 10, 450 P.3d 413. "[I]n a breach of contract action, the statute of limitations begins to run from the time of the breach." *Id.* ¶ 12 (internal quotation marks and citation omitted). In this case, the district court's finding that Defendants breached the oral agreement in February 2014 is undisputed. Accordingly, the district court properly concluded that Plaintiffs' contract claim accrued at that time. Under Section 37-1-4, Plaintiffs had four years from that date to bring their contract claim. They filed their complaint one year and seven months later, in September 2015. Accordingly, the district court did not err in concluding that Plaintiffs' claims were not time-barred.

**CONCLUSION**

**{10}** For the foregoing reasons, the judgment of the district court is affirmed.

**{11}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**